## BRADY v. CAROLINA STEEL BRIDGE & CONSTRUCTION CO.

CONTRACTS.—If two provisions of a contract must be regarded repugnant, that which is first mentioned must prevail, if it is in harmony with the other parts of the contract. This contract construed not to entitle plaintiffs to their share of profits upon completion of each piece of work, but a further adjustment was contemplated, and plaintiffs are chargeable with their pro rata share of losses on two pieces of work.

Before ALDRICH, J., Greenville, April Term, 1906. Affirmed.

Action by H. M. and S. D. Brady against Carolina Steel Bridge and Construction Company. From Circuit judgment, plaintiffs appeal.

*Messrs. Cothran, Dean & Cothran,* for appellant.

*Messrs. John H. Earle* and *Blythe & Blythe,* contra.

March 13, 1907. The opinion of the Court·was delivered by

MR. JUSTICE GARY. The following statement of facts is set out in the record:

"This action was instituted in the Court of Common Pleas for Greenville county, on the 10th day of April, 1905, for an accounting. The plaintiffs had entered into the contract hereafter set forth with the defendant, and claimed that there was a balance due to them by the defendant of $827.57.

"The cause was referred to the master to hear and determine all the issues. He filed his report adopting the statement of account rendered by the defendant in all respects except wherein the defendant charged the plaintiff with losses upon certain contracts.

"Upon exceptions by defendant the Circuit Judge ·reversed the master upon this point, adopting the defendant's statement, and rendering judgment against the plaintiffs for $18.57.

"The plaintiffs have appealed; the only question involved being whether the Circuit Judge was right in charging the plaintiffs with 40 per cent. of the losses sustained by defendant upon two contracts, upon contract No. 33, $150.77, and upon contract No. 7, $218.31, total, $369.08. If the plaintiffs should be charged with 40 per cent, of these losses,

$147.63, the statement of the defendant is correct and judgment against the plaintiffs for $18.57 follows; if they should not be charged with this item, judgment against the defendant for the difference ($147.63 less $18.57) $129.06 follows."

The contract was as follows:

"This agreement, made and entered into this first day of January, 1903, between Carolina Steel Bridge & Construction Company, of Burlington, North Carolina, first party, and H. M. and S. D. Brady, of Columbia, South Carolina, second party.

"Witnesseth: For the considerations and stipulations hereinafter named and contained, the second parties agree and bind themselves to the exclusive service of the first party until the first day of January, 1904, their duties to be those of contracting agents and engineers. * * *

"The first party agrees to furnish all money necessary to defray all general expenses incurred in said business.

"The second parties hereby acknowledge receipt of the sum of seventy-five dollars ($75.00) advanced for traveling expenses, which second parties agree to use for the purpose of traveling expenses only, under this contract, and to hold any unexpended portion thereof, subject to the order of the first party at all times. It is agreed that all statements of expenses are to be audited and approved by the first party, before acceptance and payment. * * *

"Now, therefore: in consideration of the foregoing, it is mutually agreed betweent the parties to this instrument, that the said second parties shall receive as compensation from the first party, forty per cent. of all net profits of all highway bridge and structural work, which may be constructed in their territory, together with forty per cent. of all commissions which may be earned in the aforesaid territory.

"All profits due the said second parties shall be payable on completion and settlement of work, and all commissions payable when settled in cash at offset, after deducting from

second parties' share of either, or both, forty per cent. of the traveling expenses of said second parties, and forty per cent. of the traveling expenses of any assistants that may be furnished by first party.

"It is understood and agreed that the basis on which net profits will be made shall be the actual cost of the material, all transportation of same, actual cost of shop work, etc.

"The first party agrees to advance the second parties the sum of seventy-five dollars ($75.00) per month, which advance will be charged against the personal account of second parties on the books of the company and *all profits and commissions which may become due second parties shall be credited against such charges, which are to be deducted from such profits or commissions before payments of any balance, which may be due under the terms of this contract, are made.*

"All contracts, or agreements, made by second parties are to be subject to approval of first party, before they shall become binding on first party, and said second parties are not authorized to make any contract or agreement in the name of the first party under any other conditions.

"The second parties are not authorized to make any collections for said first party either for work done, or for commissions, without first having obtained written authority from first party."

The words: "The said second parties shall receive as compensation from the first party, forty per cent. of all net profits of all highway bridge and structural work, which may be constructed in their territory," have reference to the net profits arising from the work in its entirety; in which case the proper method of determining the amount of compensation is by deducting the total expenditures from the gross profits.

The provision that, "all the profits due the said second parties, shall be payable on completion of the work," were not intended to change the terms of the contract just men-

tioned, but to provide the mode by which the compensation should be ascertained.

But even if these provisions must be regarded as repugnant to each other, nevertheless that which was first mentioned would prevail, for the reason that it is in harmony with the other parts of the contract. It was not intended that when each piece of work was completed, the share of the net profits, to which the plaintiffs were entitled, should then be paid, but the parties contemplated a further adjustment, as shown by the words which we have italicised.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.